Joshua Lyons

V

Hudspeth County Sheriff et.al.

UNITED STATES FEDERAL DISTRICT COURT OF TEXAS

RECEIVED
JUDGE DAVID BRIONES
OCT 13 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

CASE # EP22CV0363

# WRIT OF HAEBAS CORPUS

The Plaintiff is being held in custody by the defendant. The defendant is acting outside the confines of the law. The plaintiff is being held for the alledged crimes of possesion of marijuana, unlawful possesion of a firearm. The defendant has not proven these charges Nor allowed the plaintiff to have a probable cause hearing. The plaintiff's 6th amendment and 8th amendment Rights are being violated. Specificly his right to a speedy trial and the right not to bare unreasonible bonds and cruel and unusual Punishment. The plaintiff has been in custody for 11 days without any movement from the lower courts. He has not Seen a judge of this county to date 9-20-22.

For these reasons the plaintiff seeks the higher courts To have the defendant to show just cause for these unlawful actions. The plaintiff pleads with any judge To set a hearing as soon as possible, in order To maintain justice for the plaintiff.

# Request Form
## (Not Grievance Form)

To: _____

From: _____Tank: _____

Time: _____

Date: _____

Request for Trusty:   YES _____ NO _____

Criminal / Classification Background Check:

Passed:   YES_____ NO _____

Medical Background Check:

Passed:   YES_____NO_____

Other Request: YES_____ NO_____

Summary:

_____
_____
_____
_____
_____
_____
_____
_____
_____

Jail Administrator

Joshua L. Lyons

V

WEST, ARVIN personal cap.

SOLIS, C badge #111 personal cap

HUDSPETH COUNTY SHERIFF ET. AL. personal cap

JUDGE DAVID BRIONE

United States federal district court of the 8th District

Case # EP22CV0363

For violations of the 4th amendment and 5th amendment. The plaintiff establishes standing in this court. As well as the Monell enhancement.

On 09/09/2022 between the hours of 1:00am and 2:00am The SOLIS, C badge #111, hereafter known as defendant #2, transported the plaintiff to the Hudspeth County jail. Upon arrival to the booking area without provication defendant #2 slammed the plaintiff into a wall, face first while his hands were in handcuffs. Defendant #2 then body slammed him to the floor and pulled his still handcuffed hands as far up as he could, causing permenint nerve damage to the back of the plaintiff's left hand, as well as presistant damage to his shoulders. While defendant #2 was doing this, Deputies E. BAEZA + MORALES failed to intervene, as if this is the standard practice of these deputies. The defendant WEST, ARVIN is the supervisor for all three of these deputies, which implies that he condones this practice of abuse to in custody persons. As there has been no discipline to any of these deputies despite him having access to all video of this incident. To the contrary the other deputies have gone to extraordinary lengths to conceal the identity of defendant #2. The plaintiff has asked deputy CERVANTES, KRYSTAL and deputy BAEZA, E. and deputy MORALES for the name and badge number of defendant #2

page 1

to no avail. CERVANTES, KRYSTAL went as far as to say they have no deputies by the assumed name given the morning of 09/09/22. Further evidence of a practice and standard of abuse and deception by the hudspeth county sheriff office, under direct supervision of the defendant WEST, ARVIN.

For thes reasons the plaintiff is seeking monetary, injunctive relief and punitive damages

First, monetary relief of $100,000 for the damage caused to the plaintiff's hand and shoulders.

Second, injunctive relief of immediate termination or sanctions of defendant WEST, ARVIN. Furthermore a complete and thorough investigation of defendant HUDSPETH COUNTY SHERIFF et. al. As well as the indictment and termination of the defendant SOLIS, C badge #111.

Lastly, punitive damages of either 50 times the monetary relief or the full pension of defendant SOLIS, C. badge #111. In order to garvantee he does not abuse any other in custody persons.

It is the prayer of the plaintiff that this court will grant this action leave to proceed, and set a preliminary hearing at the courts earliest convenience.

page 2

Joshua Lyons

V

FERGUSON, ROY B.

JUDGE DAVID BRIONES

United States Federal District

8th District

Case # EP22CV0363

The defendant has not responded to any motions that the plaintiff has submitted to his court. This is in direct contorvert to the 6th amendment, right to a speedy trial. As well as the 8th amendment rights, of unreasonable bonds and cruel and unusual punishment. As all bonds without conviction are unreasonable. The plaintiff has motioned the court for a bond reduction, and a writ of habeas corpus, with no motion from the courts. This means the plaintiff has been in custody for 27 days without any hearings of any kind, or conviction, which is unreasonable by any standards.

For these reasons the plaintiff is seeking this court to grant injunctive relief to compel the defendant to set a bond hearing, or immediate release from custody. Under the authority of the 6th + 8th amendments, the plaintiff prays that the court will grant the relief that he seeks

page 1

Josh L. Lyons

V

WEST, ARVIN
HUDSPETH COUNTY SHERIFF et. al.

JUDGE DAVID BRIONES

United States Federal District Court
For the
8th district

**EP22CV0363**

Case # _____

For violations of the 8th amendment, right to be free from cruel and unusual punishment. This court has jurisdiction over this matter.

The plaintiff has been kidnapped and held for ransom by the defendants since 09/09/2022. The plaintiff has intimate knowledge of showers containing black mold, mattresses that are so degraded inmates are sleeping on a steel plate, while brand new mattresses are stored in the library, blankets that are see through, theft of property, violations of policy, deliberate indifference for inmate safety, the plaintiff property (two rottweilers) were accepted into custody and one was lost, the plaintiff and other inmates have experienced headaches and sinus troubles most likely due to black mold in the ventilation system, utter incompetence in paperwork and a complete lack of supervision, being made to sit in filthy jumpsuits for weeks, then made to sit in our underware while they are washed, only upon request.

For these reasons the plaintiff is seeking injuctive releif of a complete and thorough investigation into the facility and staff of the Hudspeth county sheriff's office. Furthermore the termination of the warden "Peter" and all other defective staff.

The plaintiff prays the court will hear his plea a muster the proper response.

page 1

Joshua L. Lyons

V

WEST, ARVIN (personal capacity)
HUDSPETH COUNTY SHERIFF et. al.
(personal capacity)

JUDGE DAVID BRIONES

United States Federal District court of the 8th District

EP22CV0363
Case number _____

The amount in controversy is over $75,000. The plaintiff also resides in a different State. For these reasons this court has jurisdiction over this matter

A violation of the 4th amendment; right against unlawful search and seizure

The plaintiff was taken into custody on 09/09/2022, along with his persons the defendant took custody of the property including two rottweilers. One of which was the plaintiff's emotional support/stud animal. On 09/23/2022 the defendant lost Buddy, the plaintiff's emotional support animal. Since then they have made no efforts to locate or inform the plaintiff of the whereabouts of his property. The plaintiff was informed by another inmate of the jail that his dog was missing. The plaintiff has made five seperate attempts to compel the defendant locate his property. The defendant has acted with deliberate indifference by refusing to locat the plaintiffs emotional support/stud animal. Which has caused the plaintiff considerable emotional distress.

For these reasons the plaintiff is seeking monetary relief as well as punitive damages.

Monetary relief in the amount of $100,000 which is $20,000 per year of remaining life of the plaintiff's emotional support animal. Furthermore for the intentional infliction of emotional distress the plaintiff seeks an additional $50,000

page 1

The punitive damages sought is the maximum amount allowed by law, but of course is at the courts discretion.

It is the prayer of the plaintiff, that the court grants leave to procede, and sets a hearing at the earliest convenience of the court

*[signature]*